**GOOD GUSTAFSON AUMAIS LLP**
Christopher T. Aumais, Esq. (SBN 249901)
Ryan Gustafson, Esq. (SBN 220802)
2330 Westwood Boulevard, Suite 103
Los Angeles, California 90064
Phone: 310-274-4663
Fax: (310) 846-8938
Email: cta@ggallp.com
Email: jrg@ggallp.com
Email: service@ggallp.com

**MORROW LAW GROUP INC**
Gregory J. Morrow, Esq. (SBN 153224)
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Phone: 310-894-9149
Email: gregory.j.morrow@hotmail.com

*Attorneys for Plaintiff Christian Le Mai*

GOOD GUSTAFSON AUMAIS LLP

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTIAN LE MAI, an individual,<br>Plaintiff,<br>v.<br>RTX CORPORATION, a Delaware corporation, doing business as RAYTHEON COMPANY and formerly known as RAYTHEON TECHNOLOGIES CORP.; PATRICIA HOUSE, an individual; SARAH Beck, an individual; and DOES 1 through 25, inclusive,<br>Defendants. | **CASE NO. 2:26-cv-05881-JAK-AYP**<br><br>**(Los Angeles Superior Court Case No.: 26STCV13100)**<br><br>**NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT; OR, IN THE ALTERNATIVE, LEAVE TO AMEND AND FILE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1447(e) AND FRCP RULE 15; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF GREGORY J. MORROW IN SUPPORT THEREOF**<br><br>Date: November 2, 2026<br>Time: 8:30 a.m.<br>Room: 10C<br>Judge: Honorable John A. Kronstadt |

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on November 2, 2026, at 8:30 a.m., or as soon

GOOD GUSTAFSON AUMAIS LLP

thereafter as counsel may be heard by the Honorable John A. Kronstadt in Courtroom 10C of the above-entitled Court, located at First Street Courthouse, 350 W. First Street, Los Angeles, California, Plaintiff CHRISTIAN LE MAI ("Mai" or "Plaintiff") will and hereby does move this Court for an order, pursuant to 28 U.S.C. § 1447(e) and FRCP Rule 15(a)(2), granting leave to file the concurrently submitted lFirst Amended Complaint ("FAC") or, in the alternative, remanding the above-entitled action to the Superior Court for the State of California, County of Los Angeles, from whence this action was removed by Defendants.

The proposed FAC joins Defendant SARAH BECK ("Beck") as an individual California citizen and domiciled defendant as well as eliminates all federal causes of action alleged in the initial Complaint (i.e., Title VII the Age Discrimination in Employment Act, 42 U.S.C. § 1981, and related federal causes). As expressly set forth in the FAC, Plaintiff fully intends to proceed solely on his California-law claims.

Plaintiff also moves this Court for an order of remand to the Superior Court of California, County of Los Angeles, Plaintiff's originally chosen forum. If the FAC is permitted to be filed in this action, there are no federal causes supplying federal-question jurisdiction and Beck's joinder to this action defeats diversity jurisdiction.

This Motion is respectfully made on the grounds that: (1) the proposed joinder is governed by 28 U.S.C. § 1447(e) and FRCP Rule 15(a)(2) as Beck is directly connected to, and actively engaged in, the unlawful employment actions on the part

of RTX significantly adverse to Plaintiff, the claims against Beck are obviously facially valid and factually colorable, the request to remand was made promptly after further investigation as well as meet-and-confer efforts that have been unsuccessful at reaching stipulation to allow for joinder and remand; (2) the concurrently submitted FAC properly removes all federal causes of action and retains only California-law based claims; (3) amendment is independently favored under Rule 15(a)(2) such that the Court should freely grant leave as justice so requires; and (4) once the FAC is permitted by this Court, supplemental jurisdiction should inherently be declined over remaining California-law claims, with this action instead remanded to the Superior Court for the State of California, County of Los Angeles.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Gregory J. Morrow, the submitted FAC, the pleadings and papers on file in this action, all records and exhibits submitted, and any further matters or argument permitted by the Court at the hearing on this Motion.

Dated: September 14, 2026

**GOOD GUSTAFSON AUMAIS LLP**
**MORROW LAW GROUP INC.**

By: _*/s/ Gregory J. Morrow*_________
Ryan Gustafson
Christopher Aumais
Gregory J. Morrow
Attorneys for Plaintiff Christian Le Mai

GOOD GUSTAFSON AUMAIS LLP

## TABLE OF CONTENTS

Page


**NOTICE OF MOTION AND MOTION**.....1

**MEMORANDUM OF POINTS AND AUTHORITIES**.....4

**I. INTRODUCTION**.....4

**II. RELEVANT FACTS AND PROCEDURAL HISTORY**.....7

**III. STANDARD OF REVIEW**.....10

**A. Presumption Against Removal and Supporting Remand**.....10

**B. Section 1447(e) and Rule 15(a)(2) Governs This Post-Removal Request To Join A Diversity-Defeating Defendant**.....12

**C. The FAC Removes All Federal Causes Of Action, Leaving No Basis To Retain This State-Law Action In U.S. District Court**.....13

**D. Defendants' Anticipated "Fraudulent-Joinder" Argument Lacks All Merit**.....14

**IV. ARGUMENT**.....15

**A. The Factors Set Forth In *Murphy*, Supra, Require Remand Based On This Court's Just Discretion**.....15

**B. The Proposed Claims Against Defendant Beck As Set Forth In The FAC Are Certainly Compelling and Facially Legitimate**.....16

**B. Plaintiff Acted Diligently And Defendants Will Suffer Any Prejudice**.....17

**D. Plaintiff's Desire To Litigate The Complete Controversy In His Chosen State Forum Does Not Render The Amendment Improper**.....18

**V. CONCLUSION**.....19

# TABLE OF AUTHORITIES

**Cases** **Page**

*Christ v. Staples, Inc.*,
2015 WL 248075 (C.D. Cal. Jan. 20, 2015) ........ 13

*Emrich v. Touche Ross & Co.*,
846 F.2d 1190 (9th Cir. 1988) ........ 11

*Garcia v. Owens-Brockway Glass Container Inc.*,
2017 WL 2986582 (C.D. Cal. July 13, 2017) ........ 12, 15

*Gaus v. Miles, Inc.*,
980 F.2d 564 (9th Cir. 1992) ........ 10

*Glover v. Borelli's Pizza, Inc.*,
886 F. Supp. 2d 1200 (S.D. Cal. 2012) ........ 13

*Grancare, LLC v. Thrower*,
889 F.3d 543 (9th Cir. 2018) ........ 14, 15

*Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*,
390 F.3d 400 (5th Cir. 2004) ........ 13

*Hardin v. Wal–Mart Stores, Inc.*,
813 F. Supp. 2d 1167 (E.D. Cal. 2011) ........ 12, 16

*Harris v. Bankers Life and Cas. Co.*,
425 F.3d 689 (9th Cir. 2005) ........ 11

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994) ........ 10

*Markham v. Home Depot USA, Inc.*,
2014 WL 117102 (C.D. Cal. Jan. 10, 2014) ........ 13

*McCabe v. General Foods Corp.*,
811 F.2d 1336 (9th Cir. 1987) ........ 14, n.4

*Murphy v. Am. Gen. Life Ins. Co.*,
74 F. Supp. 3d 1267 (C.D. Cal. 2015) ........ 12, 15, 16



GOOD GUSTAFSON AUMAIS LLP

*Newcombe v. Adolf Coors Co.*,
157 F.3d 686 (9th Cir. 1998)....12

*Padilla v. AT&T Corp.*,
697 F. Supp. 2d 1156 (C.D. Cal. 2009)....11

*RDF Media Ltd. v. Fox Broadcasting Co.*,
372 F. Supp. 2d 556 (C.D. Cal. 2005)....10, 11

*Shamrock Oil & Gas Corp. v. Sheets*,
313 U.S. 100 (1941)....10

**Statutes**

28 U.S.C. § 1332....11

28 U.S.C. § 1367(c)(3)....14

28 U.S.C. § 1447(e)....1, 3, 7, 12, 15, 17, 19

42 U.S.C. § 1981....2, 9, 13

Cal. Lab. Code § 98.6(a)....9

Cal. Lab. Code § 6310(a)....9

Cal. Lab. Code § 1102.5(b)....6, 9, 16, 17

**Federal Rules**

Fed. R. Civ. P. 12(b)(6)....14

Fed. R. Civ. P. 15(a)(2)....2, 3, 12, 19

Fed. R. Civ. P. 19....12

**Local Rules**

C.D. Cal. L.R. 7-3....10, 17

GOOD GUSTAFSON AUMAIS LLP

**Legal Treatise**

14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3725 (3d ed. 1998)............................................11

GOOD GUSTAFSON AUMAIS LLP

GOOD GUSTAFSON AUMAIS LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On April 23, 2026, Plaintiff Christian Le Mai chose the Los Angeles Superior Court as the preferred forum to file his Complaint for this California-centric employment action that directly addresses Plaintiff's wrongful termination of his long-term tenure as a valued member of Defendant Raytheon's California Engineering Services Team[1]. On April 30, 2026, Defendants were served with the Complaint. Defendants thereafter removed this case to United States District Court.

With this Motion, Plaintiff respectfully submits his proposed First Amended Complaint ("FAC"), joining the key RTX senior official and "partner" whose personal conduct is not only substantive to this action but highly material to Plaintiff's claims, Ms. Sarah Beck[2], and also completely removing all federal causes of action. The proposed FAC will therefore proceed solely under California law.

The requested amendment by FAC is not merely a nominal jurisdictional device. Indeed, far from it. Instead, the evidence and allegations as set forth in such FAC clearly identifies Defendant Beck as the California-based RTX "Senior Human Resources Business Partner/Manager" who regularly reviewed, supervised,

---

[1] Plaintiff was initially hired as a "Technical Staff Associate" by Hughes Aircraft Company, with corporate headquarters located at 7200 Hughes Terrace in the Westchester, California, that now forms an integral part of Defendant's key manufacturing and engineering facilities with various California locations including El Segundo and Fullerton, California.

[2] See: https://www.linkedin.com/in/sarahkzbeck/

controlled, and ultimately terminated Plaintiff's employment with RTX, denying Plaintiff's desperate plea for RTX's reconsideration of his termination.

Indeed, Beck actively participated in every aspect of Mai's employment status with RTX, including reviewing and discussing Mai's Performance Improvement Plan (PIP) instituted by RTX as a pretext to Mai's eventual termination, including but not limited to, Beck's participation with weekly Zoom meetings that included Plaintiff, Defendant Patrica "Patti" House, and Rachael Biederman, RTX's Associate Director, Data Management Department Lead[3], in order to discuss Mai's continued employment, ongoing work performance, as well as improvements (or supposed lack thereof) to such performance, ultimately resulting in his termination.

In an attempt to get clarity around why he had been targeted for this ongoing employer workplace discipline, Plaintiff called Beck via Microsoft Teams (the method of communication mandated by RTX) to ask Beck for the telephone number and other contact information for RTX's lawyer involved with this employer action so that Plaintiff could have his lawyer speak with RTX's lawyer; however, Beck rejected Plaintiff's request stating, to the effect, that "no, you can't have Raytheon's lawyer's number."

At the final stage leading up to Plaintiff being informed by Beck as to his termination, Plaintiff specifically asked Beck, to the effect, "I would like to appeal

---

[3] See: https://www.linkedin.com/in/rachael-biederman-241269b8/

this decision [of termination]", but Beck responded that "the decision [to terminate Plaintiff's employment] has already been made." Beck went on to repeatedly refuse Plaintiff's request for appeal under what he understood to be RTX's employment policies and procedures, stating in essence, that there was to be "no appeal" because a "final decision has already been made," that Plaintiff's supposed 90 days had somehow expired, and that RTX's determination was made. Upon hearing these statements, Plaintiff specifically asked Beck who made this final decision, but Beck curtly responded, "many people."

Beck's alleged conduct bears directly on Plaintiff's retaliation and related California state law claims, including his cogent and compelling claim under California Labor Code, which, by its very statutory language, strictly prohibits such retaliation and expressly applies to "**any person acting on behalf of the employer…**". Cal. Labor Code § 1102.5(b) (emphasis added).

When he was unlawfully terminated from his long term employment in violation of California law, Plaintiff nevertheless pleaded with putative Defendant Beck for an adequate opportunity to appeal his termination pursuant to established RTX policies and procedures governing the employer/employee relationship as well as the rights of all employees. But Beck adamantly responded by emphatically stating, to the effect, "there is no appeal…you're 90 days are up…this is a final determination!" In this context, it is important to acknowledge that Beck was acting in the capacity as RTX's Senior Manager and Business Partner, and was working out

of RTX's El Segundo, California, Human Resources office.

Section 1447(e) furnishes this Court with the discretion to permit joinder and remand where an adding a defendant defeats subject-matter jurisdiction.

And the equitable factors of this case certainly favor such joinder. The closely related claims arise from the same workplace dispute resulting in Plaintiff's wrongful termination after faithfully serving his nearly 28 years of superlative employment with RTX, Plaintiff acted diligently in this regard, there is no meaningful prejudice to Defendants whatsoever, and denial of joinder would necessarily require a second action brought individually against Beck or, worse, force Plaintiff to forgo such valid claims against the RTX managerial agent whose acts and omissions are directly at issue in this case.

Because the concurrently submitted FAC also withdraws every federal cause of action, this amended pleading will leave neither federal-question nor diversity jurisdiction. This Court should grant leave to Plaintiff to file the FAC and thereby remand this California-law action, naming California citizen Beck as a defendant, to the Los Angeles Superior Court.

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff is a California-domiciled citizen who commenced working for RTX approximately 28 years ago as a Principal Specialist in the Engineering Services division of RTX's predecessor, Hughes Aircraft Company, a California corporation.

Plaintiff's FAC alleges that he had a superlative record of quite favorable

GOOD GUSTAFSON AUMAIS LLP

reviews as well as receiving periodic awards and commendations before he, as an older but highly-tenured and dedicated RTX employee, was subjected to arbitrary disciplinary actions leading to his termination from employment, all slightly before Plaintiff was eligible for his retirement.

Plaintiff was inexplicably subject to pointed and ever escalating employer discipline, ultimately resulting in his purposeful termination. Such wrongful termination followed directly on the heels of his verbal and written complaints concerning selective enforcement, double performance standards, unlawful workplace practices, as well as his illicit workplace treatment, and quite ironically while serving on active jury duty for the Los Angeles Superior Court.

Plaintiff Mai is, and at all times relevant to this action was, a resident of the state of California, and was initially hired by Hughes Aircraft Company, with its corporate headquarters located in Los Angeles, California, as a Technical Staff Associate at the Command and Control Business Unit of Hughes Information Technology Systems.

Through a series of corporate mergers and acquisitions, Plaintiff ultimately ended up working for Defendant RTX, with the duration of his valued long-term employment lasting approximately 28 years before being targeted for termination.

Like many of his other co-employees before him, Plaintiff was identified and then subjected to adverse employment action by Defendants, including but not limited to, the issuance of, for the very first time in his 28 year career with RTX, a

Disciplinary Action Form (DAF), his arbitrary placement on a Performance Improvement Plan (PIP) that set forth onerous and excessive but completely unnecessary requirements heretofore never placed on the back of Plaintiff, and then, ultimately, termination of his long-term tenure before he was able to retire.

Concurrently with this Motion, Plaintiff submits his proposed FAC, which removes the forementioned federal causes of action, and retains only California-law based claims.

Plaintiff initially commenced this action by asserting state law claims including retaliation in violation of California Labor Code, including Sections 1102.5(b), 98.6(a), and 6310(a), as well as related concurrent federal claims under Title VII, the ADEA, and 42 U.S.C. § 1981, by and against RTX and House.

However, after conducting further investigation of such claims, including but not limited to, the identity and key role of RTX's Human Resources Manager, most importantly in the termination process that abruptly ended Plaintiff's long term successful employment. That investigation identified Beck. Her profile identifies Beck as a Senior Manager, Human Resources Business Partner at Raytheon in El Segundo, California; her job description lists employee relations, performance management, and partnering with leadership on workforce decisions. As a Human Resources Business Partner at Raytheon Technologies, Beck allegedly partners closely with business leaders to align talent strategies with operational goals and drive organizational effectiveness. Beck claims to provide guidance across the full

employee lifecycle, including workforce planning, performance management, employee relations, talent development, and succession planning at RTX.

On June 24, 2026, counsel for the parties met and conferred pursuant to Local Rule 7-3, but were unable to reach agreement leading to a stipulation that would allow Plaintiff to amend his Complaint, resulting in this action being subject to remand to the Superior Court for the State of California, County of Los Angeles.

## III. STANDARD OF REVIEW

### A. Presumption Against Removal and Supporting Remand.

As federal courts are by statute courts of limited jurisdiction and due to concerns over federalism, there is a presumption against removal jurisdiction. (See *Kokkonen v. Guardian Life Ins. Co. of Am.* (1994) 511 U.S. 375, 377 (holding that presumption against jurisdiction exists because federal courts are courts of limited jurisdiction); *Shamrock Oil & Gas Corp. v. Sheets* (1941) 313 U.S. 100, 108- 09 (indicating that federalism concerns and Congressional intent mandate strict construction of removal statutes).) This "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." (*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

"Federal courts 'jealously' guard their own jurisdiction and, where appropriate, will dismiss a case for lack of subject matter jurisdiction even if the issue is not raised by the parties." *RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F.Supp.2d 556, 560

(C.D. Cal. 2005)). In order to protect such limited jurisdiction, district courts consistently err towards remand. See, for example, *Padilla v. AT&T Corp.* 697 F.Supp.2d 1156, 1158 (C.D. Cal. 2009); and *Harris v. Bankers Life and Cas. Co.* 425 F.3d 689, 698 (9th Cir. 2005).

Such courts show due deference to the plaintiff's chosen forum. *See* 14C Wright, Miller & Cooper, *Federal Practice and Procedure* § 3725, at 95 (3d ed.1998) (recognizing that "a greater burden [is imposed] on defendants in the removal situation than is imposed on plaintiffs…[and] "[t]his discrepancy in treatment of plaintiffs and defendants may be justified by the historical tradition that the **plaintiff is the master of the forum and is empowered to choose the court system and venue in which litigation will proceed**.") Id. (emphasis added).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the **removal statute is strictly construed against removal jurisdiction**." 28 U.S.C. § 1332; *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir.1988) (emphasis added), with such burden of proof adjudged by a "preponderance" standard. Id.

///

///

///

///

///

### B. Section 1447(e) and Rule 15(a)(2) Governs This Post-Removal Request To Join A Diversity-Defeating Defendant.

If, after removal, a plaintiff seeks to join an additional defendant whose joinder would destroy subject-matter jurisdiction, the district court may deny joinder or permit joinder and remand the action to state court. 28 U.S.C. § 1447(e). The statute confers discretion to balance the equities; it is not limited to the stricter necessary-party analysis of Rule 19. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). A party may amend its pleading only with the opposing party's written consent or the court's leave. Id.

Rule 15(a)(2) likewise provides that, absent opposing party's written consent, a party may amend only with the court's leave, with such leave freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

Courts considering § 1447(e) commonly evaluate a variety of factors, including: (1) whether the proposed defendant is needed for just adjudication; (2) statute of limitations concerns; (3) unexplained delay; (4) whether joinder is solely aimed at defeating jurisdiction; (5) the facial validity of the proposed claim; (6) prejudice from denial; (7) the "closeness" between old and new parties (to be added); and (8) the amendments effect on the court's jurisdiction. (*Garcia v. Owens-Brockway Glass Container Inc.*, 2017 WL 2986582 (C.D. Cal. Jul. 13, 2017), (citing *Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1278 (C.D. Cal. 2015); *Hardin v. Wal–Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1173-74 (E.D. Cal. 2011).)



GOOD GUSTAFSON AUMAIS LLP

GOOD GUSTAFSON AUMAIS LLP

### C. The FAC Removes All Federal Causes Of Action, Leaving No Basis To Retain This State-Law Action In U.S. District Court.

When a case involves only state-law claims, where even a single valid non-diverse cause of action exists, remand of the entire case is appropriate. (See *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.* 390 F.3d 400, 411 (5th Cir. 2004) (emphasizing that a single valid cause of action against a nondiverse defendant requires remand of the entire case); *Christ v. Staples, Inc.* 2015 WL 248075, at *4 (C.D. Cal. Jan. 20, 2015) (citing *Gray*).)

With the FAC completely eliminating all federal claims, the Court has discretion to remand and/or dismiss supplemental state claims. (See, e.g., *Glover v. Borelli's Pizza, Inc.* 886 F. Supp. 2d 1200(S.D. Cal. 2012) (remanding to state court after plaintiff eliminated federal claim through amendment); and *Markham v. Home Depot USA, Inc.* 2014 WL 117102, at *1 (C.D. Cal. Jan. 10, 2014) (noting prior remand after non-diverse defendants had been added).)

The proposed FAC does more than merely join Beck, a California citizen, as a party defendant. It goes further by expressly removing all federal claims asserted under Title VII, ADEA, and 42 U.S.C. § 1981, as Plaintiff has elected to proceed solely on his California-law claims. This further amendment completely extinguishes federal-question jurisdiction.

By allowing the FAC to be filed, California citizenship of both Plaintiff and Defendant Beck completely eliminates diversity jurisdiction. Although this Court

GOOD GUSTAFSON AUMAIS LLP

may elect to nonetheless exercise supplemental jurisdiction as to related state-law claims, such jurisdiction only exists if a remaining claim provides for original jurisdiction, and the Court may simply decline supplemental jurisdiction after dismissal of all such original jurisdiction claims. 28 U.S.C. § 1367(c)(3).

The present action is at a very early stage of litigation, the FAC asserts only California employment law and California-centric parties (Plaintiff and Beck), and was initially filed in Los Angeles Superior Court as Plaintiff's originally chosen forum. Once the FAC is allowed, remand of the entire remaining California state-law action is most certainly a *sine qua non*.

### D. Defendants' Anticipated "Fraudulent-Joinder[4]" Argument Lacks All Merit.

When a removing defendant invokes fraudulent joinder in response to a plaintiff's reasonable request to remand, as Plaintiff anticipates here, such defendant bears quite a heavy burden. Indeed, a claim against a resident defendant need not survive the same inquiry as Rule 12(b)(6); instead, the relevant question is whether there is **a possibility** that a state court could find a viable claim against a non-diverse defendant including, most importantly here, after curative amendment. *Grancare, LLC v. Thrower*, 889 F.3d 543, 548–50 (9th Cir. 2018) (emphasis added). The Court certainly need not, and should not, resolve complex merits based questions or factual

---

[4] Of course, the phrase "fraudulent joinder" does not connote a showing of actual fraud. Rather it is a term of art. (See *McCabe v. General Foods Corp.* (9th Cir. 1987) 811 F.2d 1336, 1339.)

disputes at this purely initial jurisdictional inquiry. *Id*.

The propriety of remand, based on an assertion of fraudulent joinder, depends instead solely on whether a claim against the purported "sham" defendant may be stated, not whether one has been or may be stated based on the present or future evidentiary record. (See again *Garcia v. Owens-Brockway Glass Container Inc.*, 2017 WL 2986582 (C.D. Cal. Jul. 13, 2017).)

## IV. ARGUMENT

### A. The Factors Set Forth In Murphy, Supra, Require Remand Based On This Court's Just Discretion.

As set forth above, a balanced evaluation of the various factors, as set forth in *Murphy*, supra, provides ample justification for remand of this action pursuant to 28 U.S.C. § 1447(e): (1) The FAC specifically identifies Defendant Beck as RTX's California-based senior Human Resources official who, among other acts, exercised decision making authority over Plaintiff's employment and actively participated in making and enforcing the final decision to terminate Plaintiff while also to denying his request for appeal of this adverse determination; (2) the acts leading up to this litigation occurred in 2024 and there is no concern over statute of limitations; (3) there has been no delay and indeed Plaintiff has conducted additional investigation to clearly determine the pivotal role of non-diverse Defendant Beck in this action; (4) given Beck's pivotal role in enforcing Plaintiff's wrongful termination, joinder is necessary and prudent; (5) the additional facts pleaded in the FAC clearly

GOOD GUSTAFSON AUMAIS LLP

demonstrate sufficient validity of the claims asserted therein; (6) given these compelling additional facts, there is certainly no prejudice to Defendant by remanding this case and, if any, prejudice to Plaintiff would result if it were not promptly remanded by this Court; (7) there could be no "closer" parties than Defendant Beck and Defendant RTX (Beck's direct employer) and Defendant House (as Beck's de facto co-conspirator in the wrongful termination of Plaintiff); and, lastly (8) allowing the FAC to proceed does divest this Court of jurisdiction, both diversity and federal question, but rightly so as Defendant Beck most definitely played a very integral part in the review, supervision, discipline and, ultimately, the termination of Plaintiff. *Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1278 (C.D. Cal. 2015); and *Hardin v. Wal–Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1173-74 (E.D. Cal. 2011).)

**B. The Proposed Claims Against Defendant Beck As Set Forth In The FAC Are Certainly Compelling and Facially Legitimate.**

The FAC alleges that Beck: acted as RTX's HR manager and employee; had responsibility for reviewing, supervising, and controlling Plaintiff's employment; and personally refused Plaintiff's request for appeal under RTX policies at the time his long-term employment terminated. Those allegations support a colorable claim that Beck acted on behalf of and agent for RTX in the alleged retaliatory conduct.

To reiterate, California Labor Code section 1102.5(b) reaches not only an employer but also a person acting on the employer's behalf. Cal. Lab. Code §

GOOD GUSTAFSON AUMAIS LLP

1102.5(b). Where a pivotal decisionmaker, such a Beck, personally participates in adverse employer action alleged to be retaliatory, the claim is obviously not facially frivolous merely because RTX may also be liable.

The requested amendment by way of the FAC is much more materially stronger than merely a conclusory allegation based solely on job title. It specifies Beck's senior Human Resources function within RTX, her California location, her employer-facing authority and decision making, her direct participation in the final termination process, and her adamant refusal of Plaintiff's legitimate requested appeal. At a minimum, these facts establish facial legitimacy sufficient to justify discretionary joinder under § 1447(e).

**C. Plaintiff Acted Diligently And Defendants Will Suffer Any Prejudice.**

Plaintiff sought the amendment after thoroughly reviewing the facts with counsel that relate to the key individual who participated in the challenged HR supervision, control, and ultimately the decision to terminate and promptly raised and reiterated Plaintiff's position in the parties' Local Rule 7-3 meet and confer process. No merits discovery or dispositive motion has been made or identified that would be disrupted by allowing such amendment. Beck's role is so inextricably intertwined with RTX's affirmative defenses already pleaded, and RTX has been on notice of the dispute since service of the original Complaint.

By contrast, denying amendment would substantially prejudice Plaintiff. It

would require him to make a Hobson's choice: (1) either give up his very compelling and valid claims against Beck or (2) file a parallel California action arising out of precisely the same employer termination and related bad conduct. That inefficiency in two-track litigation as well as the real risk of inconsistent adjudications favor joinder.

**D. Plaintiff's Desire To Litigate The Complete Controversy In His Chosen State Forum Does Not Render The Amendment Improper.**

Plaintiff originally selected Los Angeles Superior Court, the venue where the alleged conduct occurred and where he resides, as the proper forum to bring the current action. Defendants' anticipated but vapid argument, that merely joining a responsible and complicit California defendant may affect diversity, is not dispositive. The correct inquiry instead turns on whether Beck is legitimately connected to the controversy at issue in this case and whether equity favors joining her, not on an assumption that Plaintiff's preference for the original forum invalidates an otherwise proper amendment.

As the authorities discussed above recognize, the removal process is jurisdictional, not a mechanism for resolving disputed merits or eliminating an individual defendant merely because the employer prefers federal court. The true relevant inquiry is whether Plaintiff presents a colorable basis to pursue the California citizen and RTX employee who played a pivotal role in all this: Beck. As previously asserted here, and unlike a motion to dismiss, removals and motions to remand are not "pleadings" motions and, instead, are purely matters of jurisdiction. Any

anticipated argument from Defendants that a court would somehow grant a as yet to be even contemplated motion to dismiss is entirely misplaced and certainly insufficient to establish fraudulent joinder whatsoever.

## V. CONCLUSION

Based on all the foregoing, Plaintiff hereby respectfully requests that this Court: (1) grant Plaintiff leave under 28 U.S.C. § 1447(e) and Rule 15(a)(2) to file the proposed First Amended Complaint joining Sarah Beck as an individual defendant and removing all federal-law claims; (2) deem the proposed First Amended Complaint filed and served as of the date specified in the Court's order, or allow Plaintiff a reasonable period to file it; (3) upon filing of the FAC, decline supplemental jurisdiction over the remaining California-law claims and remand this action to the Superior Court of California, County of Los Angeles, from which it was removed; and (4) grant such further relief as the Court deems just and proper.

Dated: September 14, 2026

**GOOD GUSTAFSON AUMAIS LLP**
**MORROW LAW GROUP INC.**

By: _/s/Gregory J. Morrow_
Ryan Gustafson
Christopher Aumais
Gregory J. Morrow
Attorneys for Plaintiff Christian Le Mai